| Matter of Jones v Thompson |
|:---:|
| 2024 NY Slip Op 31575(U) |
| May 2, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 510864/24 |
| Judge: Peter P. Sweeney |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At the Special Election Part 1 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at 360 Adams Street, Brooklyn, New York, on the 2nd day of May, 2024.

P R E S E N T:

HON. PETER P. SWEENEY,
                                Justice.
--------------------------------------------------------------------------X
IN THE MATTER OF THE APPLICATION OF
ANTHONY T. JONES,
                    PETITIONER-OBJECTOR-AGGRIEVED CANDIDATE,


                      -against-                                    Index No. 510864/24

JAMMEL THOMPSON, DION C. QUAMINA, AND CLIFTON A. HINTON,

                          RESPONDENTS-CANDIDATES,

                      -AND-

THE BOARD OF ELECTIONS IN THE CITY OF
NEW YORK,

                                RESPONDENT
.--------------------------------------------------------------------------X

The following e-filed papers read herein:

Order to Show Cause/Petition _____          1-2
Other papers_____          3-9


Upon the foregoing papers, candidate-petitioner Anthony T. Jones moves, pursuant

to CPLR 2221 (d), for leave to reargue the court's order dated April 29, 2024 (the prior

order) which denied and dismissed petitioner's invalidating petition.

As an initial matter, the court notes that respondent Jammel Thompson was ruled

off the ballot by the respondent Board of Elections in the City of New York (the Board)

1

[* 1]

and statute of limitations for commencing a validating proceeding has expired. Accordingly, the instant invalidating petition is only relevant with respect to respondents-candidates Quamina and Hinton. Further, at oral argument on the motion to reargue, and after receiving additional information from the Board of Elections, it has become apparent that some of the facts set forth in the prior order are incorrect and should thus be corrected for the record. In particular, the specifications of objections (Spec # 81) filed against respondent Quamina's designating petition were not rejected by the Board, and the Board's Commissioners confirmed a clerk's report finding that respondent Quamina's petition had 548 valid signatures, which is 48 more than necessary for placement on the ballot. However, the specifications of objections filed by petitioner-objector-aggrieved candidate Jones with the Board were for the wrong designating petition, thereby necessitating that petitioner proceed against respondents in his capacity as an aggrieved candidate by filing de-novo specifications of objections with the court. Furthermore, respondents Hinton and Quamina were present in the courtroom on the initial April 22, 2024 return date and informed of the April 24, 2024 adjourn date (to await the Board's rulings) and both of these respondents appeared before the court on that adjourn date. Finally, although the subject of default was discussed on the April 24, 2024 adjourn date, petitioner did not move to hold respondents in default at that time.

Turning to the substance of the motion to reargue, petitioner contends that he has been treated inequitably by the court inasmuch as it dismissed his invalidating proceeding based upon the Special Election Part Rule prohibiting the submission of new specifications of objections after the initial calendar call, but allowed respondents to move to dismiss

2

[* 2]

notwithstanding the fact that respondents did not file an answer and did not move to dismiss on the initial return date. Petitioner argues that the Special Election Part Rules require that all motions to dismiss be filed no later than the call of the calendar on the initial return date and prohibits the submission of further proof after such time.[1] In addition, the petitioner maintains that the court improperly dismissed the invalidating petition as against respondent Hinton inasmuch as respondent Quamina is the only party who moved to dismiss.

As the court stated in the prior order, notwithstanding the Special Election Part Rules regarding the filing of motions, under the circumstances of this case, it would be improper to preclude respondents from moving to dismiss on the basis of incorrect specifications of objections. In particular, the court notes that petitioner filed via NYSCEF the subject de-novo specifications of objections a mere six and a half hours (at 3:41 a.m.) before the calendar call on the initial return date, thereby depriving respondents of a fair and timely opportunity to respond. Further, at oral argument on the motion to reargue, respondent Quamina stated that he did not receive the incorrect specifications of objections and remained unaware of the defect until the evening of April 22, 2024, when he was provided with a copy of the specifications by an individual with access to NYSCEF. In this regard, the court notes that respondent did not consent to service by Electronic Filing.

---

[1] As the court noted in the prior order, the reason why the court precludes parties from submitting additional specifications of objections after the initial calendar call is that such practice would allow for the review of these specifications to continue indefinitely, and prevent the court from completing its work before the deadline for perfecting appeals. Thus, the Special Election Part Rules establish a firm deadline for the submission of specifications of objections.

3

Once respondent Quamina had the information needed to make his motion, he did so promptly on the next adjourn date. In contrast, petitioner had no valid excuse for filing the wrong specifications of objections with the court. Moreover, the court notes that respondent's motion to dismiss was not based upon "further proof" or new evidence that was required to be submitted no later than the initial return date. It was based upon the incorrect specifications of objections that were already part of the record in this case as of the early morning hours of April 22, 2024. In addition, while the Special Election Part Rules require that all answers be filed on the initial return date, there is nothing in the Rules that precludes a party who fails to file an answer from opposing an invalidating/validating petition and/or filing a motion to dismiss.

Turning to petitioner's contention that the court should not have granted the motion to dismiss as against respondent Hinton, the court notes that Mr. Hinton was present in court on the April 24, 2024 adjourn date and stood before the court, along with respondent Quamina, at the time the motion to dismiss was orally made. Moreover, the court's ruling dismissing the invalidating proceeding was based upon its determination that the correct specifications of objections were untimely filed, which applies to all parties.

[* 4]

Accordingly, petitioner's motion for leave to reargue is granted, and upon reargument, the court adheres to its determination in the prior order.

This constitutes the decision and order of the court.

ENTER

_____

J.S.C.

HON. PETER P. SWEENEY, J.S.C.